IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50655
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY DALE HENDRICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CR-25-1

_____

March 24, 1999

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jimmy Dale Hendrick appeals his conviction for two counts of mail fraud in violation of 18 U.S.C. § 1341. Hendrick argues (1) that the evidence presented at trial was insufficient to support his conviction and (2) that the district court erred in finding that he was a leader or organizer under § 3B1.1 of the United States Sentencing Guidelines.

The standard under which this court reviews a claim of legal insufficiency is whether "a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. El-Zoubi, 993 F.2d 442, 445 (5th

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Cir. 1993) (citations omitted). This standard leaves the assessment of the credibility of the witnesses as well as the weight of the evidence within the exclusive province of the jury. See id. In reviewing an insufficiency claim, we must consider the evidence in the light most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994). After careful analysis of the record, we find that the evidence was sufficient to support a reasonable juror's finding of guilt beyond a reasonable doubt on all of the essential elements of charged offense.

This Court reviews a sentencing judge's factual findings for clear error and the application of the Sentencing Guidelines *de novo*. See United States v. Cihak, 137 F.3d 252, 263 (5th Cir. 1998). A factual finding will not be held to be clearly erroneous if it is plausible considering the record as a whole. See United States v. Alford, 142 F.3d 825, 831 (5th Cir.), cert. denied, 119 S.Ct. 514 (1998). Further, facts contained in the presentence investigation report (PSR) may be adopted by the district court in sentencing as long as the facts "have an adequate evidentiary basis and the defendant does not present rebuttal evidence." Id. at 832. Because Hendrick did not present any evidence at the sentencing hearing to rebut the facts presented in the PSR, the district court was entitled to adopt the facts concerning the number of participants in the various fraudulent schemes. Therefore, the district court did not clearly err in finding that Hendrick was the leader or organizer of fraudulent schemes involving at least five participants and increasing his offense level by four points pursuant to § 3B1.1(a) of the Guidelines. See United States v. Boutte, 13 F.3d

2

855, 860 (5th Cir. 1994).

AFFIRMED.